IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BURTON <br> (Dallas Cty. Jail Bookin No. 16027515), <br><br> Plaintiff, <br><br> V. <br><br> PROCTOR AND GAMBLE COMPANY, <br><br> Defendant. | § § § § § § § § § § § | No. 3:17-cv-1190-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Christopher Burton, an individual found not guilty by reason of insanity in two actions in Dallas County, *see State v. Burton*, Nos. F14-32161 & F14-32162 (195th Jud. Dist. Ct., Dallas Cty., Tex.), and then committed for court-ordered inpatient mental health treatment, *see id.*, has filed this *pro se* action against Defendant Proctor and Gamble Company ("P&G"), asserting that his "prolonged use of [a P&G] product resulted in [his] mental breakdown, incarceration, and [court-ordered commitment]," Dkt. No. 3 at 4. Burton seeks monetary damages and injunctive relief. *See id.*

This action has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Jane J. Boyle.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should stay and administratively close this action.

-1-

**Applicable Background, Legal Standards, and Analysis**

The Court, having granted Burton's motion for leave to proceed *in forma pauperis* [Dkt. No. 5], is required to screen this action under 28 U.S.C. § 1915(e)(2)(B).

In doing so, the undersigned has examined the underlying state criminal proceedings implicated by the allegations in this action. *See, e.g.,* Dkt. No. 3 at 5 ("I was found not guilty by reason of insanity for all charges I was allegedly accused of committing on Jan. 19th 2014 in Highland Park Texas. I have been court ordered ... for further evaluation at Vernon State Hospital as soon as my bed is available."); *compare id., with* Nos. F14-32161 & F14-32162 (Judgment of Acquittal by Court and Commitment: Not Guilty by Reason of Insanity, dated Feb. 2, 2017, concerning the charged offenses of aggravated assault of a public servant and evading arrest in a motor vehicle (offenses committed on January 9, 2014), and committing Burton "to the maximum security unit of North Texas State Hospital, Vernon Campus, pursuant to Article 46C.251 of the Texas Code of Criminal Procedure"); *id.* (Order for In-Patient Mental Health Services, dated Nov. 9, 2017, finding that Burton "is severely mentally ill and meets the criteria for Court Ordered Inpatient Mental Health Services," and committing Burton "to North Texas State Hospital, Vernon Campus, or any other in-patient facility designated by the [Texas] Department of State Health Services [(the "Department")], for a period not to exceed 181 days"); *see also* Dkt. No. 9 (notice of change of address reflecting Burton's commitment to Vernon State Hospital).

As noted by another federal district court in Texas,

[w]hen an individual is found not guilty by reason of insanity, the

> individual stands acquitted of the offense charged and may not be considered a person charged with an offense. TEX. CODE CRIM. PROC. art. 46C.155(a). If the court determines that the acquittee's offense caused, placed another in, or threatened serious bodily injury, the individual must, within 14 days, be transferred to the maximum security unit designated by the Department for evaluation of the person's present mental condition and for treatment. TEX. CODE CRIM. PROC. art. 46C.157, 46C.251–252(a), and 46C.160. Once transferred, the Department is required to evaluate the acquittee for 30 days, TEX. CODE CRIM. PROC. art. 46C.251(a), (d), after which the acquittee must be released if, after a hearing, the State fails to prove by clear and convincing evidence that the individual has a mental illness and is dangerous. *Id.* at 46C.252–258.

*Ward v. Hellerstedt*, No. A-16-CV-917-LY, 2017 WL 1611761, at *1 (W.D. Tex. Apr. 28, 2017), *rec. accepted*, 2017 WL 5202874 (W.D. Tex. June 14, 2017).

Therefore, while Burton stood acquitted of criminal charges when this action was filed in May 2017, clearly related state proceedings were then – and appear to be still – ongoing.

Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should abstain from exercising its jurisdiction when to do so would result in the interference in certain, select state proceedings. That is, *Younger* abstention generally "applies only to 'three "exceptional" categories' of state proceedings: ongoing criminal prosecutions, certain civil enforcement proceedings akin to criminal prosecutions, and 'pending "civil proceedings involving certain orders ... uniquely in furtherance of the state courts' ability to perform their judicial functions."'" *Google, Inc. v. Hood*, 822 F.3d 212, 222 (5th Cir. 2016) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588, 591 (2013) (quoting, in turn, *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368 (1989))); *see also Sweeney v. Bartow*, 612 F.3d 571, 573 (7th

Cir. 2010) ("The Supreme Court has applied the *Younger* doctrine to state proceedings that though not criminal enforce other important state interests, such as prohibiting employment discrimination, disciplining lawyers, and abating nuisances." (citations omitted)).

The *Younger* doctrine requires that federal courts decline to exercise jurisdiction when three conditions are met: "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Defender Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); internal citations omitted); *accord Hood*, 822 F.3d at 222-23.

Here, the *Younger* factors all favor abstention. Proceedings under Article 46C involving Burton are ongoing. Those proceedings implicate important state interests. *See, e.g., Carter v. Colorado,* No. 11-cv-00684-BNB, 2011 WL 2457773, at *3 (D. Colo. June 17, 2011) ("[T]he state has an important interest in the administration of its Criminal Code as well as the state competency procedures. Matters concerning the competency of criminal defendants are traditionally areas of state concern." (citations omitted)); *Dickner v. Governor of N.H.*, No. 07-cv-120-PB, 2007 WL 2898712, at *6 (D.N.H. Sept. 28, 2007) ("[I]t is unquestionable that decisions about ... the mental competence of New Hampshire citizens are vital matters of State interest."). And the proceedings under Article 46C will no doubt afford Burton an adequate opportunity to

raise the claim made here – regarding the cause of his mental breakdown, incarceration, and court-ordered commitment. *Cf. Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that the state procedures will afford an adequate remedy.").

This federal proceeding should not offer Burton an opportunity to avoid – or raise issues related to – his state-court acquittals on the basis of insanity and related (and apparently ongoing) commitment proceedings under Article 46C. *See Nelson v. Murphy*, 44 F.3d 497, 501-02 (7th Cir. 1995) ("The principle of *Younger* is that a party to a state proceeding affecting important governmental interests must resolve the dispute in the state's preferred tribunal. A federal court that simply ignores the pending state case, and resolves the question independently, damages the state interest a little less than a court that enjoins the pending state proceeding to boot, but in either case the principal objection is to the transfer of adjudication from the original state forum to the federal forum.... [And] the Supreme Court long ago held that parties may not avoid *Younger* by withholding defenses from the state proceeding and commencing the federal suit as soon as the state case ends." (citations omitted)); *cf. Sweeney*, 612 F.3d at 573 ("Civil commitment proceedings ... are just as worthy of protection against being enjoined by federal judges as the other types of noncriminal proceeding to which *Younger* has been applied." (citation omitted)).

While all three conditions of *Younger* are met in this matter, this Court may refuse to abstain if an exception applies. But no exception applies here. The Court

should therefore abstain from jurisdiction over this action.

And, faced with the choice, under *Younger*, of staying or dismissing without prejudice, it appears that the better course is to stay. *See Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) ("[B]ecause his claims may become time-barred by the time the state prosecution has concluded, the district court should have stayed rather than dismissed Gakuba's civil-rights claims." (citations omitted)); *accord Esquibel v. Brian Williamson*, 421 F. App'x 813, 816 (10th Cir. 2010); *Rhoden v. Mayberg*, 361 F. App'x 895, 896 (9th Cir. 2010) (mem.). A stay is also applicable here because Burton's request for relief includes monetary damages. *See, e.g., Boyd v. Farrin*, 575 F. App'x 517, 519 (5th Cir. 2014) (per curiam) ("Even if *Younger* applies, the proper course of action is for a district court to stay the claims for damages pending the outcome of the state proceedings, such that they can move forward without interference." (citing *Deakins v. Monaghan*, 484 U.S. 193, 202 (1988))).

## Recommendation

The Court should stay and administratively close this case and instruct Burton (1) that he must file a motion to reopen the case within 60 days after the applicable state proceedings conclude and (2) that the failure to do so will result in the dismissal without prejudice of this case for failure to prosecute and/or comply with a Court order under Federal Rule of Civil Procedure 41(b).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within

14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 30, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE